**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

        v.                                          14-CR-088
                                          **DECISION AND ORDER**

RICARDO MELENDEZ,

        Defendant.

_____

On August 31, 2016, the Court sentenced the Defendant to 60 months' imprisonment and four years' supervised release following his plea of guilty to one count of conspiring to possess with intent to distribute, and to distribute, 100 grams or more of heroin. The Defendant did not appeal his conviction or sentence, nor has he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The Defendant has, however, filed a *pro se* motion for free transcripts of his plea and sentencing proceedings.

The Court construes the Defendant's motion as one brought pursuant to 28 U.S.C. § 753(f), which in relevant part provides:

> Fees for transcripts furnished in proceedings brought under [28 U.S.C. § 2255] to persons permitted to sue or appeal in forma pauperis shall be paid by the United States . . . if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

For the reasons discussed below, the Defendant's motion is not yet ripe and is therefore denied without prejudice.

1

**DISCUSSION**

As noted, the Defendant has yet to file a § 2255 petition challenging his conviction or sentence. Instead, he states that he needs his plea and sentencing transcripts "to prosecute a post conviction relief motion pursuant to 28 U.S.C. § 2255." Docket No. 66.

The Defendant's request for free transcripts is premature. The Second Circuit has made clear that "the plain language and necessary operation" of § 753(f) requires that "a motion for a free transcript . . . is not ripe until a § 2255 motion has been filed." *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998). This is so for two reasons. First, § 753(f) refers to "proceedings *brought* under section 2255." (emphasis added). That, of course, has not yet happened in this case; the entire purpose of the Defendant's motion is to aid him in *bringing* a § 2255 proceeding—not to assist him in pursuing a § 2255 petition that he has already "brought." And second, § 753(f) requires a judge's certification "that the transcript is needed to decide the issue presented by the suit or appeal." That, too, cannot happen until the Defendant files a § 2255 petition. Without such a filing, the Court has no way to evaluate "the issue presented" by the Defendant's petition. *See Horvath*, 157 F.3d at 132. Section 753(f) thus clearly prevents the Defendant from obtaining free transcripts until he files a § 2255 petition.[1]

The Court notes that, even without a transcript, the Defendant is not foreclosed from filing his § 2255 petition. A § 2255 petition "need only set forth the movant's

---

[1] Section 753(f) also provides that, to quality for a free transcript, the Defendant must be proceeding *in forma pauperis*. The Defendant, however, has not yet filed an application to proceed *in forma pauperis*. A copy of such form will be mailed to the Defendant, together with a copy of this Decision and Order.

claims of error generally." *Id.* (citing Rule Governing Section 2255 Proceedings 2(b)).   As the Second Circuit has observed, "[p]resumably, a movant who can plead facts sufficient to obtain certification under § 753(f) will be able to satisfy the non-onerous pleading standards for a § 2255 motion." *Id.* at 133.   *See also id.* (noting that the Second Circuit's interpretation of § 753(f) "dovetails with the standard for summary dismissal because 'the motion and the files of the case' will not 'conclusively' defeat a § 2255 motion if a transcript is needed to decide a non-frivolous issue presented by the motion") (quoting 28 U.S.C. § 2255(b)).

## CONCLUSION

For the reasons stated above, the Defendant's motion for free transcripts of his plea and sentencing proceedings is **DENIED** as unripe;

It is hereby **ORDERED** that a copy of this Decision and Order, together with an application to proceed *in forma pauperis*, and a copy of the Defendant's Judgment (Docket No. 58), be mailed to the Defendant.

**SO ORDERED.**

Dated: December 6, 2016              ___s/Richard J. Arcara_____
      Buffalo, New York              HONORABLE RICHARD J. ARCARA
                                                UNITED STATES DISTRICT JUDGE